| | |
|---|---|
| **LEECH, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-446** |
| **3M COMPANY, et al.** | **SECTION: "G"(4)** |

## ORDER

Pending before the Court is Plaintiff Margaret Leech's ("Leech") "Motion to Remand to State Court."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

### A. *Factual Background*

In this litigation, Plaintiffs Leech and her adult children allege that Decedent William Leech ("Decedent") was diagnosed with malignant mesothelioma on January 11, 2016, and that asbestos-related mesothelioma was a cause of William Leech's death on January 14, 2016.[2] According to Plaintiffs, Decedent was a construction engineer who worked with and was exposed to asbestos at numerous sites in Louisiana, California, Arizona, Virginia, and other states from approximately 1965 through 1992, including the Morton Salt facility in Weeks Island, Louisiana.[3] Plaintiffs bring survival and wrongful death claims against various Defendants, including

---

[1] Rec. Doc. 42.

[2] *See* Rec. Doc. 42-1 at 1.

[3] *Id.* at 2.

managers of the premises where Decedent worked and manufacturers, suppliers, and sellers of asbestos products to which Decedent was exposed.[4] According to Plaintiffs, removing Defendant Honeywell International, Inc. ("Honeywell") manufactured asbestos products to which Decedent was exposed.[5]

## B.     *Procedural Background*

Plaintiffs originally filed the petition in this matter on January 10, 2017, in the Civil District Court for the Parish of Orleans, State of Louisiana.[6] On January 19, 2017, Honeywell removed the action to this Court.[7] On February 17, 2017, Leech filed the instant motion to remand.[8] Honeywell filed an opposition on March 5, 2017.[9] Defendant Morton Salt, Inc. ("Morton") filed a separate opposition to the motion on March 7, 2017.[10] On March 7 and March 8, 2017, respectively, Defendants Dow Chemical Company ("Dow") and Certainteed Corporation ("Certainteed") filed oppositions to the motion adopting and incorporating by reference the arguments asserted in the oppositions filed by Honeywell and Morton.[11]

---

[4] *Id.*

[5] *Id.*

[6] Rec. Doc. 1-1.

[7] Rec. Doc. 1.

[8] Rec. Doc. 42.

[9] Rec. Doc. 73.

[10] Rec. Doc. 74.

[11] Rec. Docs. 76, 78.

## II. Parties' Arguments

*A.     Honeywell's Notice of Removal*

In its Notice of Removal, Honeywell contends that jurisdiction exists under 28 U.S.C. § 1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.[12] Honeywell alleges that Plaintiffs are citizens of Arizona and that none of the Defendants are citizens of Arizona.[13] Honeywell further states that the jurisdictional amount in controversy is clearly met, as Plaintiffs allege that Defendants are liable for Decedent's contraction of an incurable disease leading to his death.[14] Honeywell notes that Plaintiffs seek a range of damages and have not limited their damages in the petition.[15] Thus, Honeywell contends that the amount in controversy clearly exceeds $75,000, and removal is proper.[16] Honeywell notes that it was not served with Plaintiffs' petition but that it received a copy of the petition on January 12, 2017, after the office of its counsel obtained a copy of the petition from the Civil District Court for the Parish of Orleans.[17] However, Honeywell argues that service is not a prerequisite to removal and that removal is therefore proper.[18]

Honeywell acknowledges that three of the named Defendants, Anco Insulations, Inc.

---

[12] Rec. Doc. 1 at 1–4.

[13] *Id.*

[14] *Id.* at 5.

[15] *Id.* (citing Rec. Doc. 1-1).

[16] *Id.*

[17] *Id.* at 6.

[18] *Id.* (citing *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000); *Southern Breeze, LLC v. NK Newlook, Inc.*, 2011 WL 2550739, *1 n.7 (E.D. La. June 27, 2011); *Defrancesch v. Employers Mut. Cas. Co.*, 2007 WL 3172101, *1 (E.D. La. Oct. 29, 2007)).

("Anco"), Taylor Seidenbach ("Seidenbach"), and The McCarty Corporation ("McCarty"), are citizens of Louisiana.[19] However, Honeywell argues that these three Defendants were not served with process at the time of removal, and therefore, removal is proper despite the presence of forum defendants in the lawsuit.[20] Honeywell further argues that because no Defendant to the lawsuit has been served with process, the consent of the other Defendants is not required in connection with the removal of this lawsuit.[21]

### B. *Leech's Motion to Remand to State Court*

In the motion to remand, Leech notes that Honeywell removed this action nine days after the filing of the suit in state court before service on any Defendant had been effectuated.[22] Leech further notes that Honeywell acknowledges in its notice of removal that Defendants Anco, Seidenbach, and McCarty are all Louisiana citizens and are therefore "forum defendants" that would defeat removal under the forum defendant rule.[23] Leech argues that Honeywell's position that the citizenship of the forum defendants should be disregarded because they were not served at the time of removal is flawed.[24] Leech contends that such an approach would allow the circumvention of the forum defendant rule and rule of unanimity by the constant monitoring and

---

[19] *Id.*

[20] *Id.* (citing 28 U.S.C. § 1446(b); *Groves v. Farthing*, 2015 WL 3646724, *4 (E.D. La. June 10, 2015); *Harvey v. Shelter Ins. Co.*, 2013 WL 1768658, *2 (E.D. La. Apr. 24, 2013); *Stewart v. Auguillard Const. Co., Inc.*, 2009 WL 5175217, *3 (E.D. La. Dec. 18, 2009); *Colletti v. Bendix*, 2016 WL 770646 (E.D. La. Feb. 29, 2016)).

[21] *Id.* at 7 (citing 28 U.S.C. § 1446(b)(2)(A)).

[22] Rec. Doc. 42-1 at 2.

[23] *Id.*

[24] *Id.*

4

rapid removal of state actions prior to service being effectuated on any defendants.[25]

Leech argues that Honeywell cannot overcome its heavy burden of demonstrating proper removal, given the undisputed citizenship of the parties to the action.[26] Leech contends that the mere presence of the Louisiana Defendants as named parties in this matter triggers the well-established forum defendant exception to diversity jurisdiction.[27] Leech represents that 28 U.S.C. § 1441(b)(2) expressly provides that an action may not be removed solely on the basis of diversity if any of the parties "properly joined and served as defendants" is a citizen of the state in which the action is brought.[28] Leech argues that Honeywell focuses on the "and served" language of the statute and ignores the presence of the Louisiana Defendants.[29] However, Leech contends that the courts are divided on the interpretation of this language and that Honeywell's interpretation is a "flagrant perversion" of the intent of Congress in its creation of the forum defendant rule.[30]

Leech argues that Honeywell failed to discuss or mention any of the "numerous authoritative cases" in which courts properly considered congressional intent when interpreting Section 1441(b)(2).[31] Leech cites to four district court cases: one from the Northern District of Texas, two from the Northern District of Illinois, and one from the District of Massachusetts where

---

[25] *Id.* (citing *Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245 (1900); *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dept.*, 794 F.Supp.2d 703 (E.D. Tex. 2011)).

[26] *Id.* at 4.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 5.

[30] *Id.*

[31] *Id.*

the courts granted motions to remand actions that had been removed from state court before formal service had been made on any defendant.[32] Leech contends that in each of these cases, a defendant attempted to circumvent the jurisdictional rule by "prematurely manipulating the appropriate removal process" and that in each case, the court correctly recognized the defendant's self-serving motive and remanded the case.[33] Leech asserts that this Court should remand this action and continue to advance the precedent mandated by the Supreme Court that "the Plaintiff is the master of the claim."[34] Leech contends that denying remand would encourage foreign defendants to inappropriately dictate the forum by monitoring filings.[35]

Leech next argues that Honeywell cannot demonstrate proper removal by attempting to procedurally circumvent the rule of unanimity, which requires all properly served and joined parties to consent to or join the notice of removal.[36] Leech argues that she was unable to effectuate service on any Defendant, including the properly joined Louisiana Defendants, because Honeywell filed a notice of removal just nine days after the case was filed in state court.[37] Because the case does not involve claims between parties that support federal jurisdiction, Leech argues that the

---

[32] *Id.* at 5–7 (citing *Recognition Commc'n, Inc. v. Am. Auto. Ass'n*, 1998 WL 1999528, at * 1 (N.D. Tex. Mar. 5, 1998); *Holstrom v. Harad*, 2005 WL 1950672 (N.D. Ill. Aug. 2005); *Vivas v. Boeing Co.*, 486 F.Supp.2d 726 (N.D. Ill. 2007); *Howard v. Greentech, Inc.*, 2013 WL 680200 (D. Mass. 2013)).

[33] *Id.* at 7.

[34] *Id.* (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[35] *Id.* at 8.

[36] *Id.* (citing 28 U.S.C. § 1447(c); *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dept.*, 794 F. Supp. 2d 703 (E.D. Tex. 2011)).

[37] *Id.*

6

case should be remanded.[38] Leech further requests an award of attorneys' fees and costs for an "objectively baseless removal."[39]

## C. Defendant Honeywell's Opposition to the Motion to Remand

In opposition to the motion to remand, Honeywell argues[40] that courts in the Eastern District of Louisiana have repeatedly approved of Honeywell's removal procedure. Specifically, Honeywell cites to four decisions by other district courts in the Eastern District of Louisiana, which it represents denied motions to remand where a forum defendant had not been served at the time of the removal.[41] In *Colletti v. Bendix*, another case in which Honeywell was named as a defendant, Honeywell avers that a court in the Eastern District of Louisiana approved of its removal, which it asserts it "accomplished in virtually identical circumstances."[42] Honeywell asserts that courts in the Eastern District of Louisiana have recognized that the forum defendant rule does not bar removal if the forum defendant has not been served at the time of removal.[43]

Honeywell contends that Plaintiffs have not attempted to distinguish this case from other decisions in the Eastern District of Louisiana and instead cites only to district court opinions from

---

[38] *Id.* at 9.

[39] *Id.*

[40] Rec. Doc. 73 at 2. Defendants Dow Chemical Company and Certainteed Corporation adopt and incorporate the arguments asserted in Honeywell's opposition. *See* Rec. Docs. 76, 78.

[41] *Id.* at 2–4 (citing *Colleti v. Bendix*, 2016 WL 770646 (E.D. La. Feb. 29, 2016) (Lemelle, J.); *Groves v. Farthing*, 2015 WL 3646724 (E.D. La. June 10, 2015) (Morgan, J.); *Harvey v. Shelter Ins. Co.*, 2013 WL 1768658 (E.D. La. Apr. 24, 2013) (Feldman, J.); *Stewart v. Auguillard Const. Co., Inc.*, No. 09-6455, 2009 WL 5175217 (E.D. La. 2009) (Lemmon, J.)).

[42] *Id.* at 2 (citing 2016 WL 770646 (E.D. La. Feb. 29, 2016)).

[43] *Id.* at 3–4 (citing *Groves v. Farthing*, 2015 WL 3646724 (E.D. La. June 10, 2015) (Morgan, J.); *Harvey v. Shelter Ins. Co.*,2013 WL 1768658 (E.D. La. Apr. 24, 2013) (Feldman, J.); *Stewart v. Auguillard Const. Co., Inc.*, No. 09-6455, 2009 WL 5175217 (E.D. La. 2009) (Lemmon, J.)).

Texas and outside the Fifth Circuit.[44] According to Honeywell, Plaintiffs acknowledge that there is a basis for federal jurisdiction over this case but suggest, without any authority, that the plain meaning of the removal statute can be overridden because the plaintiff is the master of the claim.[45] Honeywell argues that Plaintiffs' assertion that the plaintiff is master of his claim is not relevant in the context of removal and that the Court should deny Plaintiffs' motion to remand, given Honeywell's proper removal of the action.[46]

### D. *Defendant Morton Salt's Opposition to the Motion to Remand*

In opposition, Morton Salt asserts that the forum defendant rule prohibits removal on diversity grounds if any of the defendants "properly joined and served" is a citizen of the forum state.[47] Morton Salt argues that district courts in the Fifth Circuit have consistently upheld removal where, at the time of removal, the forum defendants had not been served.[48]

Specifically, Morton Salt cites to a case out of the Northern District of Texas, *Breitweiser v. Chesapeake Energy Corporation*, in which the court denied remand under "virtually identical" facts.[49] In that case, Morton Salt represents that the court rejected the same policy arguments advanced by Plaintiffs in the instant motion and held that "snap removal" by a non-forum

---

[44] *Id.* at 4 (citing *Recognition Commc'n, Inc. v. Am. Auto. Assoc.*, 1998 WL 119528 (N.D. Tex. Mar. 5, 1998); *Howard v. Genetech, Inc.*, 2013 WL 680200 (D. Mass. 2013)).

[45] *Id.* at 4–5.

[46] *Id.* at 5.

[47] Rec. Doc. 74 at 2 (citing 28 U.S.C. § 1441(b)(2)). Defendants Dow Chemical Company and Certainteed Corporation adopt and incorporate the arguments asserted in Morton Salt's opposition. *See* Rec. Docs. 76, 78.

[48] *Id.*

[49] *Id.* (citing 15-2043, 2015 WL 6322625 (N.D. Tex. Oct. 20, 2015)).

defendant does not produce absurd results under the plain language of the removal statute.[50] Morton Salt further asserts that the court denied remand, as a non-forum defendant removed the case before citations were served on the forum defendants.[51] Morton Salt avers that the instant case is analogous to *Breitweiser*, because the clerk of court issued citations for service in this case, but a non-forum defendant removed the case before the citations were served on the forum defendants.[52] According to Morton Salt, every court in the Eastern District of Louisiana to address the issue has reached this conclusion, and courts outside the Eastern District of Louisiana have consistently denied remand as well.[53]

Next, Morton Salt contends that the Western District of Texas case cited by Leech, *Recognition Communications, Inc. v. American Automobile Association, Inc.*,[54] is distinguishable from the instant case, because in that case, the plaintiff requested that the state court withhold service of process on all defendants, including the forum defendants.[55] Here, Morton Salt asserts that prior to removal Leech requested that service be issued to all defendants.[56]

Morton Salt next argues that the out of circuit cases cited by Plaintiffs are also distinguishable because they involved removal by a forum defendant before service[57] or a rule

---

[50] *Id.*

[51] *Id.* at 3–4.

[52] *Id.*

[53] *Id.*

[54] *Id.* at 5 (citing 1998 WL 119528 (N.D. Tex. Mar. 5, 1998)).

[55] *Id.*

[56] *Id.* (citing Rec. Doc. 74-1).

[57] *Id.* at 6 (citing *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 733 (N.D. Ill. 2007); *Sullivan v. Novartis Pharms.*

9

that does not apply in the Fifth Circuit, *i.e.* that service of process is a prerequisite to removal.[58] Morton Salt asserts that it is clearly established in the Fifth Circuit that service on all defendants, including the removing defendant, is not required prior to removal.[59] Morton Salt further argues that the rule of unanimity does not apply to defendants who were not served at the time of removal.[60] Because, Morton Salt argues, no defendant in this case was served at the time of removal, there was no obligation to obtain consent prior to removal.[61] Finally, Morton Salt contends that Leech's policy arguments are best directed to Congress, not a federal court, and that the motion to remand should be denied.[62]

### III. Law and Analysis

*A.* *Legal Standard*

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[63] Pursuant to the removal statute, a defendant may remove a state civil court action to federal district court if the federal court has original jurisdiction over the action.[64] A federal court has subject matter

---

*Corp.*, 575 F.Supp.2d 640, 642 (D.N.J. 2008)).

[58] *Id.* (citing *Holmstrom v. Harad*, No. 05-2714, 2005 WL 1950672, at *1–2 (N.D. Ill. Aug. 11, 2005); *Howard v. Genentech, Inc.*, No. 12-11153, 2013 WL 680200, at *8 (D. Mass. Feb. 21, 2013)).

[59] *Id.* (citing *Defrancesch v. Emp'rs Mut. Cas. Co.*, No. 07-5843, 2007 WL 3172103 (E.D. La. Oct. 29, 2007)).

[60] *Id.* at 7.

[61] *Id.* (citing *Legeaux v. Borg-Warner Corp.*, No. 16-13773, 2016 WL 6166166 (E.D. La. Oct. 24, 2016)).

[62] *Id.* at 8.

[63] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[64] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

10

jurisdiction over an action under 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[65] "When removal is based on diversity of citizenship, diversity must exist at the time of removal."[66] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[67] Moreover, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."[68]

Pursuant to 28 U.S.C. § 1441, an action that is otherwise removable based solely on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[69] This limitation is often referred to as the "forum defendant rule."[70] A violation of the forum defendant rule renders removal procedurally defective.[71]

Moreover, pursuant to 28 U.S.C. § 1446, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent

---

[65] 28 U.S.C. § 1332(a)(1).

[66] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[67] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[68] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citation omitted). *See also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[69] 28 U.S.C. § 1441(b)(2).

[70] *See In re 1994 Exxon Fire Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

[71] *Id.* at 392–94.

to the removal of the action."[72] This requirement is referred to as the "rule of unanimity."[73] A violation of the rule of unanimity renders the removal procedurally defective.[74]

B.     Analysis

In the motion, Leech argues that the case should be remanded, because: (1) the forum defendant rule bars removal; and (2) the removal improperly circumvented the rule of unanimity.[75] In particular, Leech contends that Honeywell's removal of the action before she had a chance to effectuate service on any of the Defendants goes against the intent of Congress in its creation of the forum defendant rule.[76] In opposition, Defendants Honeywell, Morton Salt, Dow Chemical Company, and Certainteed Corporation contend that the plain language of the statute allows removal in this case and that other district courts have found removal proper under similar circumstances.[77]

As noted *supra*, 28 U.S.C. § 1441(b)(2), *i.e.* "the forum defendant rule," provides that a civil action otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." [78] Likewise, pursuant to the removal statute's unanimity

---

[72] 28 U.S.C. § 1446(b)(2)(A).

[73] *Powers v. U.S.*, 783 F.3d 570, 576 (5th Cir. 2015).

[74] *Getty Oil Corp., a Division of Texaco, Inc. v. Insurance Co. of North America,* 841 F. 2d 1254, 1262 (5th Cir. 1988); *Harris v. Edward Hyman Co.*, 664 F. 2d 943, 944 (5th Cir. 1981).

[75] *See* Rec. Doc. 42-1 at 2, 10.

[76] *Id.* at 5.

[77] *See* Rec. Doc. 43 at 2; Rec. Doc. 74 at 2–3.

[78] 28 U.S.C. § 1441(b)(2).

12

requirement, all defendants removing under the general removal statute must join in or consent to removal if they have been "properly joined and served."[79] Here, the parties do not dispute that complete diversity exists and that the amount in controversy exceeds $75,000. The parties also do not dispute that named Defendants Anco, Seidenbach, and McCarty are citizens of Louisiana.[80] It is also undisputed that none of the defendants were served before removal. The U.S. Fifth Circuit Court of Appeals has decided that service of process is not a pre-requisite to remand in this circuit. Although forum defendants were joined, none of them were "joined and served" prior to removal.

In the motion to remand, Leech contends that Honeywell's removal of this action nine days after the filing of the suit and before service had been effectuated on any Defendant violates the forum defendant rule, as well as the rule of unanimity.[81] However, the plain language of the forum defendant rule only prohibits removal on diversity grounds when a forum defendant is "properly joined *and served*."[82]

In evaluating the meaning of a statute, courts turn first to the plain language of the statutory text.[83] Thus, the plain language of the statute provides that the citizenship of an *unserved* forum defendant should not be considered in determining whether the forum defendant rule is satisfied.[84] Likewise, the plain language of the rule of unanimity requires that only those defendants who have

---

[79] 28 U.S.C. § 1446(b)(2).

[80] *See* Rec. Doc. 2 at 2–3; Rec. Doc. 42-1 at 2.

[81] Rec. Doc. 42-1 at 2.

[82] 28 U.S.C. § 1441(b)(2).

[83] *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004).

[84] 28 U.S.C. §1441(b)(2).

13

been served must join in or consent to removal.[85] Leech's interpretation of the removal statute would have the Court ignore the "and served" language in the statute. However, it is a "cardinal principle of statutory construction that we must give effect, if possible to every clause and word of a statute."[86] To accept Leech's interpretation of the statute would be to ignore words included in the statute by Congress.

The Court notes that the Fifth Circuit has not directly addressed the issue of whether a defendant may remove an action before *any* defendant named in the action has been served. However, in *Humphries v. Elliott Co.*, the Fifth Circuit interpreted the phrase "properly joined and served" in the context of the removal statute's rule of unanimity to require service on a defendant before that defendant is considered for unanimity purposes.[87] The Fifth Circuit's conclusion negates Leech's argument that Honeywell's removal violated the rule of unanimity, as "only co-defendants who have been 'properly joined *and served*' must join in or consent to the removal.[88] The Fifth Circuit's holding in *Humphries* further supports the conclusion that service is required before a forum defendant is considered for forum defendant rule purposes.

Moreover, the Court also notes that the Fifth Circuit has held that service is not required for removal of an action.[89] In *Delgado v. Shell Oil Co.*, the Fifth Circuit noted that the 28 U.S.C. § 1446 provides for removal of a civil action or proceeding within thirty days after receipt of a

---

[85] 28 U.S.C. § 1446(b)(2).

[86] *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (internal citation and quotation marks omitted).

[87] *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).

[88] *Id.* (citing 28 U.S.C. § 1446(b)(2)(A)) (emphasis in original).

[89] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).

14

pleading by the defendant, "through service or otherwise."[90] The Fifth Circuit interpreted the language of the removal statute as "consciously reflecting a desire on the part of Congress to require than an action be commenced against a defendant before removal, but not that the defendant have been served."[91] Leech has not pointed to any binding authority for its proposition that a non-forum defendant may not remove an action until service has been effectuated upon at least one defendant. Considering the plain language of the statute, as well as the binding Fifth Circuit precedent regarding removal discussed *supra*, the Court finds that Honeywell's removal of this action did not violate the forum defendant rule or the rule of unanimity.

The Court notes that Leech argues that a literal application of the plain language of the removal statute would go against the intent of Congress and would serve to advance the "absurd notion" that the forum defendant rule and rule of unanimity could be circumvented by monitoring state court filings and quickly removing a state court petition before any defendant, including a forum defendant, can be served.[92] The Court also notes that so called "snap removal," *i.e.* the practice of removing a state case prior to the effectuation of service on any forum defendants, has been the subject of some scholarly debate.[93] While district courts outside of the Fifth Circuit have

---

[90] *Id.* (citing 28 U.S.C. § 1446(b)).

[91] *Id.*

[92] Rec. Doc. 42-1 at 2.

[93] *See, e.g.*, Saurabh Vishnubhakat, *Pre-Service Removal in the Forum Defendant's Arsenal*, 47 Gonz. L. Rev. 147 (2011–12); Matthew J. Lavisky, *Joined and Served: Pre-Service Removal and the Forum Defendant Rule*, 32 No.3 Trial Advoc. Q 29 (Summer 2013); Matthew Curry, *Plaintiff's Motion to Remand Denied: Arguing for Pre-Service Removal Under the Plain Language of the Forum-Defendant Rule*, 58 Clev. St. L. Rev. 907 (2010); Robert E. Sumner, IV & Jennifer Braccia, *Resident Defendant Exception for Removal: A Clever Move or Legal Gamesmanship?*, American Bar Association (Apr. 11, 2016), available at: http://apps.americanbar.org/litigation/committees/trialpractice/articles/spring2016-0416-resident-defendant-exception-for-removal.html.

reached differing conclusions as to whether to apply the plain meaning of the statute or to consider policy concerns in interpreting the statute, courts in the Eastern District of Louisiana have roundly rejected Leech's argument that under the current text of the removal statute, the mere presence of a forum state defendant in a lawsuit, whether served or unserved, bars removal by a non-forum defendant.[94]

Leech raises policy concerns with application of the plain language of the statute. However, those concerns are appropriately the concerns of Congress, and courts are not free to substitute their own judgment for that of lawmakers. Moreover, Congress recently revisited the forum defendant rule in the Federal Courts Jurisdiction and Venue Act of 2011 ("FCJVCA").[95] Although the FCJVCA changed the language of other parts of the removal statute, it left unchanged the "properly joined and served" language in the statute.[96] Congress is "presumed to have knowledge of its previous legislation when making new laws;"[97] is presumed to be "knowledgeable about existing law pertinent to the legislation it enacts;"[98] and is "presumed to be aware of, and to adopt,

---

[94] *See, e.g., Colletti v.* Bendix, No. 16-308, 2016 WL 770646 (E.D. La. Feb. 29, 2016) (Lemelle, J.) (denying motion to remand where a forum resident defendant had been joined but not yet been served); *Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658 (E.D. La. Apr. 24, 2013) (Feldman, J.) (same); *Sewart v. Auguillard Const. Co.*, No. 09-6455, 209 WL 5175217 (E.D. La. Dec. 18, 2009) (Lemmon, J.) (same). *Compare Perez v. Forest Labs, Inc.*, 902 F.Supp.2d 1238, 1243 (E.D. Mo. 2012) (conceding that the plain language of the statute would permit the defendant's removal of the action before any defendant had been served but nevertheless remanding after finding that the defendant's action constituted forum shopping and noting that Congress could not have anticipated the "tremendous loophole" in the forum defendant rule created by electronic monitoring of dockets and rapid removal).

[95] Pub. L. No. 112–63, 125 Stat. 758.

[96] *Id.*

[97] *United States v. Zavala-Sustaita*, 214 F.3d 601, 606 n. 8 (5th Cir. 2008).

[98] *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 185 (1983).

a judicial interpretation of a statute when it reenacts that law without change."[99] Thus, Congress enacted the FCJVA presumptively after considering the current state of judicial opinion on the forum defendant rule. While Congress could have changed the plain language of the statute to address Leech's policy concerns, it nevertheless left the language intact.

This court appreciates Leech's policy arguments as well as its views on Congressional intent. And even commentators who have criticized Leech's position here, agree that the result is objectionable. However, the "snap removal" cases where courts have remanded involved a forum defendant removing the case before service of process – a practice, not only objectionable, but likely qualifying as absurd.[100] Those aren't the facts here. Here, the non-forum defendant has removed the case before any defendant has been served, which is a practice, although perhaps objectionable, is one that appears appropriate in this Circuit.

Finally, the Court notes that Leech requests attorney's fees and costs in the motion to remand. Because, however, the Court finds that removal is proper, the Court will not award attorneys' fees or costs to Leech. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[101] is **DENIED**.

**IT IS FURTHER ORDERED** that the request for attorneys' fees and costs is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __29th__ day of September, 2017.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[99] *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 231 (2009).

[100] *See, e.g. Breitweiser,* 2015 WL 6322625 at *6.

[101] Rec. Doc. 42.