UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEECH, et al. | CIVIL ACTION |
| VERSUS | NO. 17-446 |
| 3M COMPANY, et al. | SECTION: "G"(4) |

# ORDER

Pending before the Court is Defendant "Rohm and Haas Chemicals LLC's Motion for Dismissal Pursuant to Rule 12(b)(2), Alternatively Motion for More Definite Statement Pursuant to Rule 12(e)."[1] Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny without prejudice the motion and grant Plaintiffs 30 days to conduct jurisdictional discovery. Moreover, Plaintiffs are granted 60 days to file an amended complaint, if appropriate.

In this litigation, Plaintiffs Leech and her adult children (collectively, "Plaintiffs") allege that Decedent William Leech ("Plaintiff-Decedent") was diagnosed with malignant mesothelioma on January 11, 2016, and that asbestos-related mesothelioma was a cause of William Leech's death on January 14, 2016.[2] According to Plaintiffs, Decedent was a construction engineer who worked with and was exposed to asbestos at numerous sites in Louisiana, California, Arizona, Virginia, and other states from approximately 1965 through 1992, including the Morton Salt facility in Weeks Island, Louisiana.[3] Plaintiffs bring survival and wrongful death claims against various

---

[1] Rec. Doc. 82.

[2] *See* Rec. Doc. 42-1 at 1.

[3] *Id.* at 2.

1

defendants, including "Rohm & Haas," individually and as successor to Morton International, Inc.[4]

Plaintiffs originally filed the petition in this matter on January 10, 2017, in the Civil District Court for the Parish of Orleans, State of Louisiana.[5] On January 19, 2017, Defendant Honeywell International, Inc. removed the action to this Court.[6] On March 14, 2017, Defendant Rohm and Haas Chemicals LLC ("Defendant ROH") filed the instant motion.[7] On March 21, 2017, Plaintiffs filed an opposition to Defendant ROH's motion.[8] On March 29, 2017, with leave of the Court, Defendant ROH filed a reply to Plaintiff's opposition.[9]

Defendant ROH moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and, in the alternative, for a more definite statement pursuant to Rule 12(e).[10] Defendant ROH first asserts that Plaintiffs have failed to establish that general jurisdiction exists over Plaintiffs in Louisiana.[11] Moreover, Defendant ROH asserts that Plaintiffs have failed to establish specific jurisdiction over Defendant ROH in Louisiana, as Plaintiffs have not alleged any facts regarding Defendant ROH's contacts with Louisiana.[12] Alternatively, Defendant ROH argues that Plaintiffs must provide a more definite statement, since Defendant

---

[4] Rec. Doc. 1-1 at 3. Plaintiffs identify Rohm & Haas as a "Premises Defendant."

[5] Rec. Doc. 1-1.

[6] Rec. Doc. 1.

[7] Rec. Doc. 82.

[8] Rec. Doc. 87.

[9] Rec. Doc. 90.

[10] Rec. Doc. 82.

[11] Rec. Doc. 82-1 at 5.

[12] *Id.* at 10.

ROH alleges that Plaintiffs do not identify Defendant ROH as a party in Plaintiffs' petition.[13] Finally, Defendant ROH asserts that Plaintiffs fail to identify sufficient facts to set forth their fraud claims with factual particularity.[14]

Plaintiffs first concede that they are not asserting that general jurisdiction exists over Defendant ROH in Louisiana, but are asserting that specific jurisdiction exists over Defendant ROH.[15] Plaintiffs then contend that Defendant ROH, along with Defendants Morton Salt and Dow Chemical, purposefully directed activities at the Weeks Island facility in Louisiana for many years.[16] Plaintiffs also assert that Defendant ROH's motion is premature, and Plaintiffs should have the opportunity to conduct jurisdictional discovery to determine which of the entities "currently retains liability related to the Weeks Island facility."[17]

The Fifth Circuit has articulated a three-step personal jurisdiction inquiry: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."[18]

Moreover, when opposing a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), "[t]he plaintiff bears the burden of establishing jurisdiction, but need only present

---

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 87 at 9–10.

[16] *Id.* at 11.

[17] *Id.* at 15.

[18] *Luv N' care, Ltd. V. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

3

prima facie evidence."[19] In deciding the motion, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."[20] In this inquiry, the Court accepts as true the plaintiff's uncontroverted allegations, and resolves in the plaintiff's favor "all conflicts between the facts contained in the parties' affidavits and other documentation."[21]

Additionally, as the Fifth Circuit has explained, discovery "on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact."[22] If the proposed jurisdictional discovery "could not have added any significant facts," the Fifth Circuit will affirm a denial of the plaintiff's request to conduct such discovery.[23] However, when the motion to dismiss challenges the factual bases for jurisdiction, "the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue."[24] The court considering the Rule 12(b)(2) motion "has discretion as to the type and amount of discovery to allow."[25]

Here, Plaintiffs have not even specified which "Rohm & Haas" entity is the proper party in this action.[26] In fact, Plaintiffs only specifically mention "Rohm & Haas" one time in the complaint, listing "Rohm & Haas, individually and as successor to Morton International, Inc." as

---

[19] *Revell v. Lidov*, 317 F.3d 467, 4609 (5th Cir. 2002) (citations omitted).

[20] *Id.*

[21] *Id.*

[22] *Id.* at 283 (citation omitted).

[23] *Id.*

[24] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).

[25] *Id.*
[26] Rec. Doc. 1-1 at

4

a "premises defendant." Although Plaintiffs make allegations against the "premises defendants" collectively, they have not alleged any specific contacts between Defendant ROH and Louisiana.[27] However, Plaintiffs also contend that discovery is necessary to determine "whether [Defendant] ROH Louisiana facilities exposed the [Plaintiff-Decedent] to asbestos-containing materials," and which entity "currently retains the liability related to the Weeks Island facility for the claims brought in this matter."[28] If Defendant ROH maintains control over the Weeks Island facility, then there would likely be specific jurisdiction in this case. Thus, the Court cannot find that the jurisdictional discovery that Plaintiffs have requested "could not [add] any significant facts" necessary to resolve the jurisdictional inquiry.[29]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant "Rohm and Haas Chemicals LLC's Motion for Dismissal Pursuant to Rule 12(b)(2), Alternatively Motion for More Definite Statement Pursuant to Rule 12(e)" is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiffs are granted 30 days to conduct jurisdictional discovery.

**IT IS FURTHER ORDERED** that Plaintiffs are granted 60 days to file an amended complaint to address the deficiencies raised above, if appropriate.

**NEW ORLEANS, LOUISIANA**, this __23rd__ day of March, 2018.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[27] Since the Court finds that it is unclear whether personal jurisdiction exists over Defendant ROH, it is unnecessary to examine the particularity of Plaintiffs' fraud claims at this time.

[28] *Id.* at 12.

[29] *See Revell*, 317 F.3d 467

5