# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEECH, et al. | CIVIL ACTION |
| VERSUS | CASE NO. 17-446 |
| 3M COMPANY, et al. | SECTION: "G"(4) |

## ORDER

Pending before the Court is Defendant Honeywell International Inc.'s ("Honeywell") unopposed "Motion for Summary Judgment."[1] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion.

In this litigation, Plaintiffs Margaret A. Leech and her adult children (collectively, "Plaintiffs") allege that Decedent William Leech ("Decedent") was diagnosed with malignant mesothelioma on January 11, 2016, and that asbestos-related mesothelioma was a cause of William Leech's death on January 14, 2016.[2] According to Plaintiffs, Decedent was a construction engineer who worked with and was exposed to asbestos at numerous sites in Louisiana, California, Arizona, Virginia, and other states from approximately 1965 through 1992.[3] Plaintiffs bring survival and wrongful death claims against various defendants, including Honeywell, as successor to Bendix Corporation ("Bendix").[4]

---

[1] Rec. Doc. 114.

[2] *See* Rec. Doc. 42-1 at 1.

[3] *Id.* at 2.

[4] Rec. Doc. 1-1 at 3; Rec. Doc. 114.

1

Plaintiffs originally filed the petition in this matter on January 10, 2017, in the Civil District Court for the Parish of Orleans, State of Louisiana.[5] On January 19, 2017, Honeywell removed the action to this Court.[6] On December 28, 2017, Honeywell filed the instant motion, which was set for submission on January 17, 2018.[7] On January 12, 2018, the Court granted Plaintiffs' motion for an extension of time to file an opposition to Honeywell's motion for summary judgment, and continued the submission date to February 23, 2018.[8] On February 26, 2018, the Court granted an additional motion for an extension of time to file an opposition and continued the deadline for Plaintiffs to file an opposition to March 7, 2018.[9] Despite two continuances, Plaintiffs have filed no opposition to the motion, and therefore Defendants' motion is deemed to be unopposed. District courts may grant an unopposed motion, as long as the motion has merit.[10]

Honeywell argues that Plaintiffs' claims against Honeywell should be dismissed because Plaintiffs have presented no evidence to show that Decedent worked with or around a product produced by Bendix.[11] Honeywell asserts that Plaintiffs' petition does not recite any facts against Honeywell, but only alleges that Decedent generally was exposed to asbestos in his work as a construction engineer.[12] Moreover, according to Honeywell, Plaintiffs did not provide any initial

---

[5] Rec. Doc. 1-1.

[6] Rec. Doc. 1.

[7] Rec. Doc. 114.

[8] Rec. Doc. 118.

[9] Rec. Doc. 123.

[10] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. Of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

[11] Rec. Doc. 114-1 at 1.

[12] *Id.* at 2.

disclosures to Honeywell, so there is no evidence to be found in that manner.[13] Honeywell further avers that Plaintiffs have not identified any witnesses or produced any documents that state that Decedent worked with a Bendix product.[14] Honeywell argues that considering that Plaintiffs cannot cite any evidence that shows that Decedent worked with a product made by Bendix or Honeywell, Plaintiffs cannot meet their burden of proving that Honeywell's products were a cause-in-fact of Decedent's injuries.[15]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[17] On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[18] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[19] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence

---

[13] *Id.*

[14] *Id.* at 2–3.

[15] *Id.* at 4.

[16] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[17] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[18] *Celotex,* 477 U.S. at 323.

[19] *Id.* at 325.

3

in the record, and articulate" precisely how that evidence supports her claims.[20]

Plaintiffs bring claims against Honeywell for negligence and strict liability. Under Louisiana law, to recover against Honeywell, Plaintiffs must show that Honeywell exposed Decedent to asbestos and that the exposure caused Plaintiffs' injury.[21] "[C]ause-in-fact is found when defendant's conduct was a substantial factor in the injury; it need not be the sole cause."[22]

Here, Honeywell have identified portions of the record that demonstrates the absence of a genuine issue of material fact. Plaintiffs have filed no opposition to the pending motion, despite being granted two extensions of time to do so. Therefore, Plaintiffs have come forward with no evidence to show that Honeywell was a cause-in-fact of Plaintiffs' injury. As a result, there are no material facts at issue, and the Court finds that Honeywell's motion has merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Honeywell International Inc.'s "Motion for Summary Judgment" is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this __15th__ day of August, 2018.

*[signature]*
_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[20] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[21] Although Plaintiffs assert both negligence and strict liability claims against Honeywell, "the standards for deciding causation are the same [for each claim]." *Jones v. Peyton Place, Inc.*, 95-0574 (La. App. 4 Cir. 5/22/96); 675 So. 2d 754, 762 (citing *Fontenot v. Fontenot*, 93-2479 (La. 4/11/94); 635 So. 2d 219, 221).

[22] *Manuel v. Shell Oil Co.*, 94-590 (La. App. 5 Cir. 10/18/95); 664 So. 2d 470, 475 (citations omitted) (applying the substantial factor causation standard for benzene exposure).