# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEECH, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-446** |
| **3M COMPANY, et al.** | **SECTION: "G"(4)** |

## ORDER

Pending before the Court is Defendant Taylor-Seidenbach, Inc.'s ("Taylor-Seidenbach") unopposed "Motion for Summary Judgment."[1] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion.

In this litigation, Plaintiffs Margaret A. Leech and her adult children (collectively, "Plaintiffs") allege that Decedent William Leech ("Decedent") was diagnosed with malignant mesothelioma on January 11, 2016, and that asbestos-related mesothelioma was a cause of William Leech's death on January 14, 2016.[2] According to Plaintiffs, Decedent was a construction engineer who worked with and was exposed to asbestos at numerous sites in Louisiana, California, Arizona, Virginia, and other states from approximately 1965 through 1992.[3] Plaintiffs bring survival and wrongful death claims against various defendants, including Taylor-Seidenbach.[4]

Plaintiffs originally filed the petition in this matter on January 10, 2017, in the Civil District Court for the Parish of Orleans, State of Louisiana.[5] On January 19, 2017, Defendant Honeywell

---

[1] Rec. Doc. 126.

[2] *See* Rec. Doc. 42-1 at 1.

[3] *Id.* at 2.

[4] Rec. Doc. 1-1 at 3; Rec. Doc. 126.

[5] Rec. Doc. 1-1.

1

International Inc. removed the action to this Court.[6] On March 3, 2018, Taylor-Seidenbach filed the instant motion, which was set for submission on April 25, 2018.[7] Plaintiffs have filed no opposition to the motion, and therefore Taylor-Seidenbach's motion is deemed to be unopposed. District courts may grant an unopposed motion, as long as the motion has merit.[8]

Taylor-Seidenbach argues that Plaintiffs' claims against Taylor-Seidenbach should be dismissed because Plaintiffs have presented no evidence to show that Decedent worked with or around any product sold or used by Taylor-Seidenbach.[9] Taylor-Seidenbach asserts that Plaintiffs' petition does not recite any facts against Taylor-Seidenbach, but only alleges that Decedent generally was exposed to asbestos in his work as a construction engineer at various work sites from 1965 to 1992.[10] Taylor-Seidenbach also presents an affidavit that from Hal M. Shepard, the president of Taylor-Seidenbach, which states that he has no knowledge of Taylor-Seidenbach selling or using any asbestos containing insulation products at these work sites.[11]

Moreover, according to Taylor-Seidenbach, Plaintiffs did not provide any initial disclosures to Taylor-Seidenbach, so there is no evidence to be found in that manner.[12] Taylor-Seidenbach further avers that Plaintiffs have not identified any witnesses or produced any documents that state that Decedent worked with any product sold or used by Taylor-Seidenbach.[13]

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 126.

[8] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001); *John v. State of La. (Bd. Of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985).

[9] Rec. Doc. 126-1 at 2.

[10] *Id.* at 2.

[11] *Id.* (citing Rec. Doc.126-6 at 2).

[12] *Id.*

[13] *Id.* at 6.

Taylor-Seidenbach argues that because Plaintiffs cannot cite any evidence that shows that Decedent worked with a product made or sold by Taylor-Seidenbach, Plaintiffs cannot meet their burden of proving that Taylor-Seidenbach's products were a cause-in-fact of Decedent's injuries.[14]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[16] On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[17] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[18] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[19]

Plaintiffs bring claims against Taylor-Seidenbach for negligence and strict liability.[20] Under Louisiana law, to recover against Taylor-Seidenbach, Plaintiffs must show that Taylor-

---

[14] *Id.* at 7 – 8.

[15] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[16] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[17] *Celotex,* 477 U.S. at 323.

[18] *Id.* at 325.

[19] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[20] Rec. Doc. 1 at 4.

Seidenbach exposed Decedent to asbestos and that the exposure caused Plaintiffs' injury.[21] "[C]ause-in-fact is found when defendant's conduct was a substantial factor in the injury; it need not be the sole cause."[22]

Here, Taylor-Seidenbach has identified portions of the record that demonstrates the absence of a genuine issue of material fact. Plaintiffs have filed no opposition to the pending motion. Therefore, Plaintiffs have come forward with no evidence to show that Taylor-Seidenbach was a cause-in-fact of Plaintiffs' injury. As a result, there are no material facts at issue, and the Court finds that Taylor-Seidenbach's motion has merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Taylor-Seidenbach, Inc.'s "Motion for Summary Judgment" is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __29th__ day of August, 2018.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[21] Although Plaintiffs assert both negligence and strict liability claims against Taylor-Seidenbach, "the standards for deciding causation are the same [for each claim]." *Jones v. Peyton Place, Inc.*, 95-0574 (La. App. 4 Cir. 5/22/96); 675 So. 2d 754, 762 (citing *Fontenot v. Fontenot*, 93-2479 (La. 4/11/94); 635 So. 2d 219, 221).

[22] *Manuel v. Shell Oil Co.*, 94-590 (La. App. 5 Cir. 10/18/95); 664 So. 2d 470, 475 (citations omitted) (applying the substantial factor causation standard for benzene exposure).